# Court of General Sessions of the Peace and Jail Delivery.

THE STATE *v.* MARTHA E. DAVIS, alias "BLIZZARD."

*Construction of Statute—Prostitution.*

A woman who keeps in her house a female child under the age of fifteen years for purposes of prostitution is guilty under Chapter 686, Volume 18, Laws of Delaware, entitled "An Act for the better protection of female children.

*(New Castle, May, 1892.)*

INDICTED for taking and using a female child under fifteen years of age for the purpose of sexual intercourse.

*Branch H. Giles,* for the State.

*Carpenter,* for defendant, contended that the indictment was defective, in that it charged Martha E. Davis, a woman, with taking and using a female child for the purpose of sexual intercourse, whereas none but a male could be guilty of *using* a *female for* said purpose.

CULLEN, J., charging the jury :

*Gentlemen of the Jury :* This is an indictment against Martha E. Davis, alias Martha E. Blizzard, for a violation of the provisions of a statute of this State passed the 29th of March, 1889, entitled " An Act for the Better Protection of Female Children " (Vol. 18, p. 951, Laws of Delaware.)

The defendant in this indictment is charged in the first count with the *using*, and in the second count with the *taking* a child under fifteen years of age and using, against the provisions of the statute, for the purpose of sexual intercourse. We have been asked to charge you in relation to the provisions as contained in this Act with reference to the indictment itself as supporting the allegations upon which the State contends for a conviction.

It is contended on the part of the counsel for the defence that the party as charged in this indictment is not liable under the provisions of this statute. It therefore becomes necessary for us to give you our views as to the construction to be put upon this statute and as to whether the allegations in this indictment, if proved, are sufficient for you to render a verdict of conviction, under this statute.

This statute, you will observe, contains two distinct and separate provisions: the first provision is,—" Whoever takes, receives, employs, harbors, or uses, or causes or procures to be taken, received, employed, harbored or used a female under the age of fifteen years for the purpose of sexual intercourse," etc. And the second provision is,—" Or whoever being proprietor or priprietress of any house of prostitution, reputed house of prostitution, or assignation, house of ill-fame, or assignation, harbors or employs any female in any such house, under the age of fifteen years, under any pretext whatever, shall be deemed guilty of a misdemeanor," etc.

This indictment is framed under the first provision of this statute, and therefore it is not necessary to speak with regard to the second provision of the same, as it has no reference to this immediate indictment; for the defendant must be convicted of the violation of this statute, if at all, under the first provision; otherwise, she must be acquitted.

There appears never to have been any construction put upon this statute by the courts in our State. It is contended on the part of the defendant's counsel that the meaning of this Act is that a party who uses a child under fifteen years of age, in order to be found

guilty under the provisions of the statute, must use it for his own special purpose of having sexual intercourse with that child, and that therefore none but a male can be convicted under this provision of the statute.

Gentlemen, the Court don't think so. We cannot put that construction upon this statute, and it never was intended that such a construction should be put upon it. In the construction of a statute you may look not only to what is called the preamble (in this there is no preamble), but you may look to the title of the Act, not with reference to its immediate construction, but as showing what was the object of the Legislature in passing it. The title, as we have seen, is—"An act for the Better Protection of Female Children." We must also construe an Act by using the words according to the general usage. If it is a penal Act, then it must be construed strictly in accordance with the meaning. And if the terms are ambiguous, it may become necessary to take the whole statute together for ascertaining the true meaning; but where the words employed are words relative to the meaning of which there can be no doubt, then there ceases to, be any trouble in interpreting a statue.

If the Act stopped where it says : Uses a female child under fifteen years of age, for the purpose of sexual intercourse"—in the first part of the Act—then it would admit of the construction that whoever did this, did it for his own special purpose ; but you cannot strain an act by adding to those words "for the purpose of," the words, "his own particular purpose." The Act not only embraces that particular class, but "Whoever causes or procures to be taken, received, employed, harbored or used"—implying the case in which the party does not take, harbor or use himself or herself, but that the female child for a special purpose has been used, received, employed (not by the immediate party—under the construction) for the purpose of sexual intercourse.

What is the general construction that should be put upon those words "For the purpose of sexual intercourse ?" It is noth-

ing more nor less than for the purpose of prostitution. Looking back to the title of the act, we find that it has reference beyond all question, to preventing the prostitution· of children, using the words, "For the purpose of sexual intercourse" as synonymous and equivalent with the words, "for the purpose of prostitution·"

Much stress has been placed here by the counsel for the defence upon the term, "use." "Whoever shall *use* for the purpose of sexual intercourse." as confining the word "use," so that it cannot be a female, and that it can only be the party who immediately uses the child for that purpose. When we turn to the definition of the word "use" we find it is, to make use of; to convert to one's own service; to avail one's self of; to employ; to put to a purpose; as to use a plow, to use a chair, to use a book, to use time, to use flour for food; to accustom; to habituate, etc. We must use the plain terms which are applicable to that word. It means in this statute that where a party shall take a child or use a child for the purpose of sexual intercourse. It does not have reference to the one that immediately uses her. It may be a male, or it may be a female. In the first case, the female, as a matter of course could not be convicted as far as a male; but where a female takes a child and uses it for the purpose of sexual connection, (using the word according to the construction the Court place upon it) she would be guilty of this offence·

Then again, you will observe that the statute provides that "whoever takes, receives, employs, harbors or uses;" if the evidence be sufficient to prove that the party charged was guilty under any of those instances of taking, harboring, using, employing, etc., either one would be sufficient. It reduces itself down to this : that this indictment is sufficient under which to convict the party charged with this offence, if the proof as made in this case is sufficient to satisfy you that the girl was in the possession of the defendant, and that she was under fifteen years of age. If the child was under fifteen years of age, the defendant was bound to know it. She has no right to prove ignorance of that fact. As far as the proof is

concerned with regard to that matter, if not admitted, there is no contradiction as to her true age. It is true there is some proof as to what she said in relation to her own age—and of course the child knows nothing as to her own age—but the physician testifies in this case that she was born on the 18th day of August, 1879. Therefore there can be no question that this child at the time she went into that house was under fifteen years of age. In order to make complete this offence, the gist of the offence is in the using of this child for immoral purposes, in other words, using the terms of the Act, "For sexual intercouse," synonymous with immoral purposes or prostitution. If, then, from the proof you are satisfied— under whatever pretence the child went there, whether she went there herself, whether taken there for any purpose—that after she was there, this defendant converted to her own use the services of this child by subjecting her and keeping her for the purpose of sexual intercourse (immoral purposes of prostitution, which amount to the same thing according to the construction we place upon this act), then under those circumstances, your verdict should be, Guilty in manner and form as she stands indicted.

Having stated to you the construction of this statute, we would further say that before there can be a conviction, the facts as stated in the indictment, according to the law, must be proved to your satisfaction beyond a reasonable doubt. As far as the testimony is concerned, it is not the province of the Court to say what construction you are to place upon that. There is testimony here which is conflicting; there are witnesses who testify directly contrary the one to the other. That testimony you are to reconcile, if you can; if you cannot reconcile this, and if after an examination of the testimony on both sides, there arises in your minds a doubt of such a nature and character that as intelligent men, carefully considering it, you cannot safely come to a conclusion as to whether or not the party charged is guilty of the acts which have been stated here in this case, then she should have the benefit of that doubt, and you should acquit her.

Her counsel has asked us to charge you in relation to this matter of the evidence of keeping a house of ill-fame. We say to you that under the proof a party may be convicted of this offence, if he should live in the finest palace that is in this city,—provided the child was under fifteen years of age and was kept there in the house for sexual intercourse by any body whatever, which we say is nothing more nor less than prostitution. But under this indictment the proof was admitted, not as being necessary to make complete the offence against this prisoner, but as corroboration; that is the fact this party lived in this house, which was a noted house of ill-fame, strengthened the charge made against her of using this child for the purpose of sexual intercourse.

The testimony rests with you entirely. You will consider it in all its bearings and render your verdict accordingly. If you believe that this party is guilty as indicted, that this child went to this house and that the defentant induced her to be too intimate with men, to be guilty of having sexual intercourse with certain men, receiving part of the profits, putting it in her own pocket,—then under the provisions of this Act, the Court say to you that your verdict should be one of guilty in manner and form as she stands indicted, because it was using a female child under fifteen years of age for sexual intercourse, or prostitution. If, on the other hand, you believe the testimony on the part of the defendant as contradictory of that of the State, and it renders the evidence of such a nature as to make it so exceedingly doubtful and uncertain that fair and intelligent men cannot come to a fair and satisfactory conclusion, then you should give the prisoner the benefit of that doubt and acquit her.

Virdict: Guilty, with a recommendation to the mercy of the Court.